UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROL GERARDO ALVARADO RODRIGUEZ., <br><br> Petitioner, <br><br> v. <br><br> WARDEN, CALIFORNIA CITY CORRECTIONS CENTER, et al., <br><br> Respondents. | No.  1:26-cv-01030-KES-SKO (HC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, ENJOINING RESPONDENTS FROM RE-DETAINING PETITIONER, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE <br><br> Docs. 1, 9 |

Petitioner Harol Gerardo Alvarado Rodriguez is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 17, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition.  Doc. 9.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within ten (10) days after service.  On February 27, 2026, respondents filed objections.  Doc. 10.  On March 2, 2026, petitioner filed a reply to respondents' objections and non-opposition to the findings and recommendations.  Doc. 11.

1

Respondents raise three objections.  Their first objection, that 8 U.S.C. § 1225(b) applies to petitioner, is incorrect for the reasons stated in *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826, at *4–8 (E.D. Cal. Nov. 12, 2025).

Respondents' second objection, that the "entry fiction" doctrine forecloses petitioner's due process claim, is incorrect for the reasons addressed in *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026).  Additionally, the magistrate judge specifically ordered respondents to address the *Clene C.D.* case.  *See* Doc. 5.  In their response, respondents conceded that the *Clene C.D.* case was indistinguishable, and they did not assert an "entry fiction" argument.  *See* Doc. 7.  Respondents therefore waived any such argument by failing to address it in response to the magistrate judge's order.  Respondents nonetheless then raised the argument for the first time in their objections to the magistrate judge's findings and recommendations.  Even if respondents had not waived the argument, the Court is not required to consider arguments raised for the first time in objections.  *Syed v. M-I, L.L.C.*, 2014 WL 6685966, at *7 (E.D. Cal. Nov. 26, 2014) (the "court has discretion to consider or decline new arguments raised for the first time in an objection to a findings and recommendations") (citing *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002)); *see also Beckley v. Berryhill*, 2019 WL 521580, at *2 (C.D. Cal. Feb. 8, 2019) (declining to consider argument raised for first time in plaintiff's objections to magistrate judge's findings and recommendation).

Respondents' third objection, that petitioner should not be immediately released and should instead receive only a bond hearing, is unpersuasive.  As this Court held in *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025)—cases which respondents conceded were indistinguishable, *see* Doc. 7—petitioner should have received a *pre-deprivation* bond hearing, but respondents detained him without providing one.

///

///

2

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case.  Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1.    The findings and recommendations issued on February 17, 2026, Doc. 9, are ADOPTED IN FULL;

2.    The petition for writ of habeas corpus is GRANTED;

3.    Respondents are PERMANENTLY ENJOINED and RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified; and

4.    The Clerk of Court is directed to enter judgment and close the case.[1]

IT IS SO ORDERED.

Dated:   March 13, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3